IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **HIGHER TECH REALTY TN, LLC d/b/a MARK SPAIN REAL ESTATE,** | ) | |
| **Plaintiff,** | ) | **NO. 3:26-cv-00698** |
| **v.** | ) | **JUDGE CAMPBELL** |
| **NAVIGATE REALTY, LLC and JAN COOPER,** | ) | |
| **Defendants.** | ) | |

**MEMORANUM AND ORDER**

Pending before the Court is Defendant Navigate Realty, LLC's ("Navigate") motion to dismiss (Doc. No. 32), filed under Rule 12(b)(6). The motion is fully briefed and ripe for adjudication. (Doc. Nos. 37, 40). For the reasons stated herein, the motion is **DENIED**.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

To state claim, a complaint need not anticipate every defense and accordingly need not plead every response to a potential defense. *See Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). Nor does a complaint need to plead factual allegations to plausibly avoid an affirmative defense. *VCST International B.V. v. BorgWarner Noblesville, LLC*, 142 F.4th 393, 399 (6th Cir. 2025) (citing *Jones v. Bock*, 549 U.S. 199, 211–15 (2007)). But courts may still grant a motion to dismiss based on an affirmative defense if the complaint's allegations show as a matter of law that the defense applies. *See id*. at 400.

## II. LAW AND ANALYSIS

Plaintiff sues Navigate for inducement to breach contract in three different ways arising from Defendant Cooper's agreement with Plaintiff. Through its pending motion, Navigate argues Plaintiff's claim against it should be dismissed because (1) the restrictive covenants at issue expired; and (2) part of the claim is preempted by the Tennessee Uniform Trade Secrets Act.

Navigate points to allegations that Cooper left Plaintiff's employment in February 2023, so the two-year term of the restrictive covenants lapsed in 2025, and Cooper did not start working for Navigate until 2026. Navigate characterizes the 2023 departure as a resignation and says that it is "beyond dispute" that Cooper resigned in 2023. However, as Plaintiff correctly points out in its response, the Complaint alleges that 2-month period in 2023 was a "hiatus" during which Cooper moved from Chattanooga to Nashville. Other allegations that attribute words and actions to Cooper seem to support the view that she never left Plaintiff's employment. (*See* Complaint, Doc. No. 1 ¶¶ 74-75). Accepted as true and construing the facts alleged in Plaintiff's favor, the

Complaint alleges that Cooper's employment ended in 2026. Therefore, Navigate's argument for dismissal premised on the expiration of the restrictive covenants fails.

Next, Navigate claims the Tennessee Uniform Trade Secrets Act preempts the alleged misappropriation of trade secrets part of Plaintiff's inducement to breach contract claim against it. (*See* Doc. No. 33 at 8-9 ("…federal courts applying Tennessee law have consistently held that inducement of breach of claims are preempted when they depend on proof that employees misappropriated proprietary information."). In response, Plaintiff submits that it is not clear at the present juncture whether the "same proof" is needed for each alleged type of misappropriation – confidential information *and* trade secrets. (*See* Doc. No. 37 at 20). Rather, Plaintiff argues the breadth of the confidentiality provision bars Cooper from sharing information that is confidential but does not rise to the level of trade secrets such that proving inducement of breach based on the confidentiality provision will not simultaneously establish a claim for misappropriation of secrets.

Construing the complaint in the light most favorable to Plaintiff, accepting all its factual allegations as true, and drawing all reasonable inferences in Plaintiff's favor, the complaint does not clearly show as a matter of law that the same proof is needed for each alleged type of misappropriation. Accordingly, Navigate's argument for dismissal premised on its preemption affirmative defense fails. While development of the proof through discovery may show that the Tennessee Uniform Trade Secrets Act preempts some parts of Plaintiff's claim against Navigate, the Court declines to make such a finding as a matter of law at this juncture.

## III. CONCLUSION

For the foregoing reasons, Navigate's motion to dismiss (Doc. No. 32) is **DENIED**.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE